NJM:VAZ
F. #2021R00999

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

KYLER BOOKER,

            Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
*   OCTOBER 26, 2022   *
BROOKLYN OFFICE

Judge Morrison
Magistrate Judge Mann

I N D I C T M E N T

Cr. No. 22-CR-489
(T. 18, U.S.C., §§ 371, 922(a)(6),
924(a)(2), 924(d)(1), 2 and 3551 et seq.;
T. 21, U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

COUNT ONE
(Firearms Trafficking Conspiracy)

        1.    In or about and between December 2019 and September 2021, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant KYLER BOOKER, together with others, did knowingly and willfully conspire to

engage in the business of dealing in firearms without being licensed importers, licensed

manufacturers or licensed dealers, and in the course of such business, to ship, transport and

receive one or more firearms in interstate and foreign commerce, contrary to Title 18, United

States Code, Section 922(a)(1)(A).

        2.    In furtherance of the conspiracy and to effect its objects, within the

Eastern District of New York and elsewhere, the defendant KYLER BOOKER, together with

others, did commit and caused the commission of, among others, the following:

## OVERT ACTS

(a)    On or about October 1, 2020, BOOKER purchased one Glock Ges.m.b.H ("Glock") 43 9mm Luger caliber pistol from a federally licensed firearms dealer ("FFL") and falsely affirmed on a Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") Form 4473 that he was the actual transferee and buyer of the firearm.

(b)    On or about October 7, 2020, BOOKER purchased one or more Smith & Wesson Brands, Inc. ("Smith & Wesson") M&P Shield Plus NTS 9mm caliber pistols from an FFL and falsely affirmed on an ATF Form 4473 that he was the actual transferee and buyer of the firearms.

(c)    On or about October 29, 2020, BOOKER purchased one or more Smith & Wesson M&P Shield .40 caliber pistols from an FFL and falsely affirmed on an ATF Form 4473 that he was the actual transferee and buyer of the firearms.

(d)    On or about October 29, 2020, BOOKER purchased one or more Taurus Armas S.A. ("Taurus") G2C 9mm Luger caliber pistols from an FFL and falsely affirmed on an ATF Form 4473 that he was the actual transferee and buyer of the firearms.

(e)    On or about November 9, 2020, BOOKER purchased one or more Taurus G2C 9mm Luger caliber pistols from an FFL and falsely affirmed on an ATF Form 4473 that he was the actual transferee and buyer of the firearms.

(f)    On or about November 11, 2020, BOOKER purchased one or more Taurus G2C 9mm Luger caliber pistols from an FFL and falsely affirmed on an ATF Form 4473 that he was the actual transferee and buyer of the firearms.

(g)    On or about December 6, 2020, BOOKER purchased one or more Taurus G3C 9mm caliber pistols from an FFL and falsely affirmed on an ATF Form 4473 that he was the actual transferee and buyer of the firearms.

(h)     On or about December 20, 2020, BOOKER purchased one or more Smith & Wesson M&P Shield .40 caliber pistols from an FFL and falsely affirmed on an ATF Form 4473 that he was the actual transferee and buyer of the firearms.

(i)     On or about January 17, 2021, BOOKER purchased one Sturm, Ruger & Company, Inc. ("Ruger") Security-9 9mm Luger pistol from an FFL and falsely affirmed on an ATF Form 4473 that he was the actual transferee and buyer of the firearm.

(j)     On or about September 1, 2021, BOOKER purchased one Beretta Holding S.A. ("Beretta") Stoeger STR-9 9mm x 19 caliber pistol and one Taurus G2C 9mm Luger caliber pistol from an FFL and falsely affirmed on an ATF Form 4473 that he was the actual transferee and buyer of the firearms.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

COUNTS TWO THROUGH ELEVEN
(Making False Statements to Acquire Firearms)

3.     On or about the dates set forth below, within the Eastern District of Arkansas, the defendant KYLER BOOKER, together with others, did knowingly and intentionally make one or more false and fictitious oral and written statements in connection with the acquisition and attempted acquisition of one or more firearms from one or more licensed dealers, which statements were intended and likely to deceive such dealers with respect to one or more facts material to the lawfulness of the sales of such firearms under the provisions of Chapter 44 of Title 18 of the United States Code:

| COUNT | APPROXIMATE DATE |
|-------|------------------|
| TWO   | October 1, 2020  |
| THREE | October 7, 2020  |

| FOUR | October 29, 2020 |
| FIVE | October 29, 2020 |
| SIX | November 9, 2020 |
| SEVEN | November 11, 2020 |
| EIGHT | December 6, 2020 |
| NINE | December 20, 2020 |
| TEN | January 17, 2021 |
| ELEVEN | September 1, 2021 |

(Title 18, United States Code, Sections 922(a)(6), 924(a)(2), 2 and 3551 et seq.)

### CRIMINAL FORFEITURE ALLEGATION

4.      The United States hereby gives notice to the defendant that, upon his conviction of any of the offenses charged herein, the United States will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922, including but not limited to: (a) one Taurus G2C 9mm Luger caliber pistol with a defaced serial number later restored to bear serial number ABJ954328, recovered in Queens, New York on or about November 10, 2020; (b) one Smith & Wesson M&P Shield Plus NTS 9mm caliber pistol with an obliterated serial number later restored to bear serial number JFJ0628, recovered in Brooklyn, New York on or about December 18, 2020; (c) one Glock 43 9mm Luger caliber pistol with an obliterated serial number later restored to bear serial number AEWG132, recovered in Brooklyn, New York on or about December 29, 2020; (d) one Taurus G2C 9mm Luger caliber pistol bearing serial number ABJ943753, recovered in Brooklyn, New York on or about February 12,

2021; (e) one Smith & Wesson M&P Shield .40 caliber pistol with an obliterated serial number later restored to bear serial number JHN1930, recovered in Brooklyn, New York on or about March 10, 2021; (f) one Taurus G2C 9mm Luger caliber pistol with an obliterated serial number later restored to bear serial number ABK994428, recovered in Staten Island, New York on or about April 2, 2021; (g) one Ruger Security-9 9mm Luger pistol with a defaced serial number later restored to bear serial number 384-00274, recovered in Brooklyn, New York on or about June 19, 2021; (h) one Taurus G3C 9mm Luger caliber pistol bearing serial number ABL17488, recovered in New York, New York on or about September 22, 2021; (i) one Smith & Wesson M&P Shield .40 caliber pistol with an obliterated serial number later restored to bear serial number JFJ7395, recovered in New York, New York on or about October 20, 2021; (j) one Beretta Stoeger STR-9 9mm x 19 caliber pistol bearing serial number T6429-21S06144, recovered in the Bronx, New York on or about November 18, 2021; (k) one Taurus G2C 9mm Luger caliber pistol with an obliterated serial number later restored to bear serial number ABJ955001, recovered in Brooklyn, New York on December 10, 2021; (l) one Taurus G2C 9mm Luger caliber pistol with an obliterated serial number later restored to bear serial number 1C056323, recovered in New York, New York on or about January 27, 2022; and (m) one Smith & Wesson M&P Shield .40 caliber pistol with an obliterated serial number later restored to bear serial number JHN1441, recovered in Brooklyn, New York on or about May 8, 2022.

5.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

> (a)     cannot be located upon the exercise of due diligence;
>
> (b)     has been transferred or sold to, or deposited with, a third party;
>
> (c)     has been placed beyond the jurisdiction of the court;

(d)      has been substantially diminished in value; or

(e)      has been commingled with other property which cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendant up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code,

Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

By: AUSA Carof Sob
_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F. #2021R00999

FORM DBD-34
JUN. 85

No.

# UNITED STATES DISTRICT COURT

## EASTERN *District of* NEW YORK

## CRIMINAL DIVISION

### THE UNITED STATES OF AMERICA

*vs.*

KYLER BOOKER,

Defendant.

# INDICTMENT

(T. 18, U.S.C., §§ 371, 922(a)(6), 924(a)(2), 924(d)(1), 2 and 3551
et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

_____ _____
                                                    *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
                                                                    *Clerk*

*Bail, $* _____
_____

***Victor Zapana, Assistant U.S. Attorney (718) 254-7180***